UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN DAMON PATTERSON, | No. 2:14-cv-2349 CKD P |
| Plaintiff, | |
| v. | ORDER AND |
| PEOPLE OF THE STATE OF CALIFORNIA, | FINDINGS AND RECOMMENDATIONS |
| Defendant. | |

Plaintiff is a state prisoner proceeding in forma pauperis with an action for violation of civil rights under 42 U.S.C. § 1983. On November 19, 2014, plaintiff's complaint was dismissed with leave to file an amended complaint. Plaintiff has now filed an amended complaint.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467

1

U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

There are two main problems with plaintiff's amended complaint.  First, the only defendant listed is the "People of the State of California."  While this moniker is used by prosecuting entities in this state generally in criminal actions arising under California law, "People of the State of California" is not a proper defendant in a federal civil action.  Second, the claims all seem to arise out of the denial of plaintiff's petition for writ of habeas corpus in 2:12-cv-2475 KJM EFB P.  To the extent plaintiff believes that case was wrongly decided or has other problems with the manner in which that case proceeded, his concerns should be directed to the Ninth Circuit in the pending appeal concerning the denial of his habeas petition, or in a motion filed in 2:12-cv-2475 KJM EFB P.  Initiation of a separate § 1983 action is not proper.[1]

For these reasons, the court will recommend that plaintiff's amended complaint be dismissed for failure to state a claim upon which relief can be granted.  Because it does not appear plaintiff can cure the deficiencies in his amended complaint, the court will not grant leave to amend a second time.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court assign a district court judge to this case.

/////

/////

/////

/////

---

[1] Ultimately, plaintiff seeks reversal of his convictions.  When a state prisoner challenges the legality of his custody and the relief he seeks is the determination of his entitlement to an earlier or immediate release, his sole federal remedy is a writ of habeas corpus.  Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's amended complaint be dismissed; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 17, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
patt2349.dis